UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **United States of America**, ) | |
| ) | **CASE NO.**    **4:18 CR 0470** |
| ) |                **4:23 CV 0047** |
|        **Plaintiff / Respondent,** ) | |
| ) | **JUDGE PATRICIA A. GAUGHAN** |
|        **vs.** ) | |
| ) | |
| ) | |
| **Ronald Wooten,** ) | **Memorandum of Opinion and Order** |
| ) | |
|        **Defendant / Petitioner.** ) | |

## INTRODUCTION

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 30). For the following reasons, the defendant's motion is DENIED.

## FACTS

After defendant was charged in a one-count indictment in the Northern District of Ohio with Failing to Register as a Sex Offender, he entered a plea of guilty on October 15, 2018. On February 5, 2019, defendant was sentenced to 33 months imprisonment with credit for time

served, to be followed by five years of supervised release. The judgement was entered on the same date. He did not appeal.

Defendant's period of imprisonment for the judgment issued by this Court ended on March 8, 2021. However, prior to beginning his period of supervised release, defendant was charged with additional crimes in an Indiana state court. He remains imprisoned as a result of sentences issued by that court.

Defendant did not file a direct appeal of his conviction and sentence. On January 9, 2023, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

### STANDARD OF REVIEW

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

### DISCUSSION

Defendant sets forth a single claim for relief: "I am asking the Court to run sentence concurrent to a state case in Indiana." (Doc. 30, p. 11). The government argues that the motion is

time-barred. For the following reasons, this Court agrees.

The AEDPA establishes a one-year limitations period in which a federal prisoner may file a habeas corpus petition. That period runs from one of four specified dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Court finds that defendant's motion is untimely under 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). However, where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Johnson v. U.S.*, 457 F. App'x 462, 465 (6th Cir. 2012) (citations omitted). Relevant herein, that period was 14 days after the entry of the February 5, 2019 judgment, or February 19, 2019. *See* Fed. R. App. P. 4(b)(1). Defendant then had one year, or until February 19, 2020, to file his Section 2255 motion. Defendant did not file his motion until nearly three years after that date, on January 9, 2023. Accordingly, defendant's Section 2255 motion is untimely under 28 U.S.C. §

3

2255(f)(1).

Additionally, defendant's request to have his state and federal sentences run concurrent to each other does not invoke any constitutional or jurisdictional issues, and does not fall under any of the four grounds that Section 2255(a) authorizes. Therefore, even if this motion had been timely, it does not warrant relief.

## CONCLUSION

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/26/23